# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGINA C. SANDOVAL and TODD M. NORTH, *individually and on behalf of those similarly situated*, <br><br> Plaintiffs, <br><br> *vs.* <br><br> MIDLAND FUNDING, LLC and MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendants. | Case No. 2:18-cv-09396-SDW-AME |

---

## BRIEF ON BEHALF OF
## PLAINTIFFS GEORGINA C. SANDOVAL AND TODD M. NORTH
## IN SUPPORT OF MOTION FOR RECONSIDERATION

### RETURNABLE: JULY 18, 2022
### [ORAL ARGUMENT REQUESTED]

---

Philip D. Stern
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
(201) 273-7117

*Attorneys for Plaintiffs*

18-029

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ iii

INTRODUCTION ................................................................................1

STATEMENT OF THE CASE................................................................3

LEGAL ARGUMENTS...........................................................................5

      POINT I:     UPON FINDING THAT PLAINTIFFS DO NOT HAVE
                  ARTICLE III STANDING, THE COURT LACKED THE
                  POWER TO ADDRESS THE MERITS AND IT SHOULD
                  HAVE DISMISSED THIS ACTION FOR LACK OF
                  SUBJECT-MATTER JURISDICTION. ......................................5

      POINT II:    PLAINTIFFS CONCESSION THAT THEY LACKED
                  STANDING WAS NOT A GAME BUT A RECOGNITION
                  THAT *RAMIREZ* ABROGATED THIS COURT'S PRIOR
                  STANDING ANALYSIS.........................................................10

CONCLUSION ....................................................................................14

# TABLE OF AUTHORITIES

## CASES

*Am. Trial Lawyers Ass'n v. N.J. Supreme Court*,
    409 U.S. 467 (1973)........................................................................8

*Belair v. Lombardi*,
    151 F.R.D. 698 (M.D. Fla. 1993) .................................................9

*Bryant v. N.J. DOT*,
    998 F. Supp. 438 (D.N.J. 1998)....................................................8

*Ellison v. Am. Bd. of Orthopaedic Surgery*,
    11 F.4th 200 (3d Cir. 2021) ....................................... 1, 5, 7, 8, 9

*Gonzalez v. Crosby*,
    545 U.S. 524 (2005)...................................................................7, 9

*Hollingsworth v. Perry*,
    570 U.S. 693 (2013)........................................................................5

*Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*,
    456 U.S. 694 (1982)......................................................................10

*Kamal v. J. Crew Grp., Inc.*,
    918 F.3d 102 (3d Cir. 2019) .........................................................9

*Lopez v. Law Offices of Faloni & Assocs., LLC*,
    2017 U.S. Dist. LEXIS 85027 (D.N.J. June 2, 2017)................ 10, 11, 12, 13

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)........................................................................5

*Madlinger v. Enhanced Recovery Co., LLC*,
    2022 U.S. Dist. LEXIS 109328 (D.N.J. June 21, 2022)................5

*Raines v. Byrd*,
    521 U.S. 811 (1997)........................................................................6

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*,
    549 U.S. 422 (2007)........................................................................8

*Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc.*,
    809 F.2d 1006 (3d Cir. 1987) ............................................. 7, 9, 13

*TransUnion LLC v. Ramirez,*
    141 S. Ct. 2190 (2021)......................................................... 1, 3, 6, 11, 12, 13

*Welch v. Folsom*,
    925 F.2d 666 (3d Cir. 1991) ............................................................9

## STATUTES

15 U.S.C. § 1692e ...........................................................................11

15 U.S.C. § 1692k(a) ........................................................................3

28 U.S.C. § 1927 ............................................................................13

## OTHER AUTHORITIES

FED. R. CIV. P. 11 ..........................................................................13

FED. R. CIV. P. 12(h)(3) ...........................................................1, 2, 6, 9

FED. R. CIV. P. 59(e) ............................................................1, 2, 8, 10

FED. R. CIV. P. 60(b) ........................................................1, 2, 7, 8, 9, 10

L.CIV.R. 7.1(e) .................................................................1, 2, 9, 10

# INTRODUCTION

Plaintiffs Georgina C. Sandoval and Todd M. North move pursuant to FED. R. CIV. P. 59(e), FED. R. CIV. P. 60(b), and L.CIV.R. 7.1(e) to alter or amend, for relief from, and for reconsideration of the Order [D.E. 158] and for dismissal due to lack of subject-matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3).

The Court's Opinion [D.E. 157] concluded "Plaintiffs in this case, like those in *Ramirez*, simply have suffered no concrete harm to confer standing" and "the record evidence unequivocally establishes that Plaintiffs have suffered no concrete harm sufficient to confer Article III standing." [*Id.* at PageID 2581.]

Without Article III standing, this lawsuit is not a "case" or "controversy" to which the Court's constitutionally-granted "judicial power" extends. Plaintiffs' lack of standing establishes—without exception—the Court's lack of subject-matter jurisdiction. Absent subject-matter jurisdiction, the Court's adjudication of the merits is void.

Nevertheless, after deciding that Plaintiffs lack Article III standing, the Court's Opinion concluded it "need not reach the issue of subject matter jurisdiction" and, instead, proceeded to decide the merits. In the words of the Third Circuit, "This was error." *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200 (3rd Cir. 2021) (describing the failure of the district court to determine whether it had subject matter jurisdiction before granting the defendant's Rule 12(b)(6)

page **1** of 14

motion). (*Ellison* was cited in Plaintiffs' Sur-Reply [D.E. 156].)

Whether couched in terms of altering or amending the prior Order pursuant to Rule 59(e), as granting relief from that Order under Rule 60(b) due to mistake or being void, as reconsidering that Order under Local Rule 7.1(e), or as a motion to dismiss under Rule 12(h)(3), the Court's adjudication on the merits should be vacated and this action dismissed for lack of subject matter jurisdiction (*i.e.*, without prejudice).

## STATEMENT OF THE CASE

This action asserts claims against debt collectors who are alleged to have failed to comply with provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* The FDCPA imposes liability on a debt collector who violated any provision "with respect to any person" including a nominal sum (up to $1,000) because the debt collector violated *that* person's rights. 15 U.S.C. § 1692k(a)(2).

On December 20, 2021, Defendants moved for summary judgment. [D.E. 149.] The opening argument in Defendants' Brief is that Plaintiffs lacked Article III standing. [D.E. 149-2 at *Point I*.]

On January 4, 2022, Plaintiffs filed their Brief in opposition. [D.E. 152-1.] In their Brief, Plaintiffs agreed that, due to the developments from the Supreme Court's June 25, 2021 decision in *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190 (2021), the harm to them from Defendants' invasion of their statutory rights was not a "concrete harm" which is necessary for Article III standing. Plaintiffs' Brief and their subsequent Sur-Reply Brief noted that, prior to *Ramirez*, the invasion of a consumer's right protected by the FDCPA was, ***by itself***, sufficient for standing.

Consistent with the undisputed record and the Parties' harmonious positions on standing, the Court's Opinion [D.E. 157 at 11] concluded: "in light of *Ramirez*, Plaintiffs have suffered no concrete harm;" "the Plaintiffs in this case, like those in

*Ramirez*, simply have suffered no concrete harm sufficient to confer standing;" "Plaintiffs fail to meet their burden of establishing the elements of standing;" and "the record evidence unequivocally establishes that Plaintiffs suffered no concrete harm sufficient to confer Article III standing."

Nevertheless, the Court concluded that it "need not reach the issue of subject matter jurisdiction." [*Id.*] Instead, the Court turned to adjudicating the merits. [D.E. 157 at 14 ("This Court is well within its parameters to issue a substantive ruling as to Defendants' Motion for Summary Judgment.")] The Court reasoned:

> Plaintiffs have maintained throughout the course of this action up until Defendants moved for summary judgment that Plaintiffs have suffered an injury. It is only now, in what could be considered "gamesmanship" that Plaintiffs admit that they have suffered no injury and this matter should be dismissed for lack of subject matter jurisdiction.

[*Id.*] Plaintiffs respectfully submit this is error.

## LEGAL ARGUMENTS

**POINT I:**    **UPON FINDING THAT PLAINTIFFS DO NOT HAVE ARTICLE III STANDING, THE COURT LACKED THE POWER TO ADDRESS THE MERITS AND IT SHOULD HAVE DISMISSED THIS ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION.**

"*Before addressing the merits of a dispute*, a court *must* determine whether it has subject-matter jurisdiction over the case before it." *Madlinger v. Enhanced Recovery Co., LLC*, Civil Action No. 21-00154 (FLW), 2022 U.S. Dist. LEXIS 109328, at *7 (D.N.J. June 21, 2022) (emphasis added) (citing to *Hollingsworth v. Perry*, 570 U.S. 693, 704-05 (2013)). However, upon concluding that Plaintiffs lacked Article III standing, the Court stated that it "need not reach the issue of subject matter jurisdiction." [D.E. 157 at 11.]

The Court failed to recognize that "federal courts lack jurisdiction to reach the merits in the absence of standing." *Ellison*, 11 F4th at 203. Hence, reaching the issue of subject matter jurisdiction was unavoidable—deciding that Plaintiffs lacked standing was the same as deciding that the Court lacked subject matter jurisdiction.

Constitutionally, the judicial power extends only to "cases" and "controversies." An essential requirement for being a case-or-controversy is that claimants have standing to bring their claims. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992). A necessary element for standing is that the plaintiff suffered a

"concrete harm." *Ramirez,* 141 S. Ct. at 2200. Thus, the Court's conclusion that Plaintiffs lacked Article III standing was tantamount to determining that it lacked jurisdiction.

The Court's Opinion rejected Plaintiffs argument that the Court lacked the power "to issue a substantive ruling on Defendants' Motion for Summary Judgment" because the "argument is unavailing." [D.E. 157 at 13-14.] The Court's Opinion did not cite, address, or distinguish Plaintiffs' authorities and, therefore, they may have been overlooked. The Court's Opinion then stated that the Court was "within its parameters" to decide Defendant's Motion but cited no authorities. [*Id.* at 14.]

Counsel has not found any authority which permits a federal court to adjudicate the merits of a claim or defense after determining that the claimant lacked Article III standing.

To the contrary, FED. R. CIV. P. 12(h)(3) mandates that the court "must dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction." Furthermore, the authorities admonish district courts to resist the temptation to decide the merits once it concludes that the plaintiff lacks standing. Courts "must put aside the natural urge to proceed directly to the merits of th[e] [...] dispute and to 'settle' it for the sake of convenience and efficiency." *Raines v. Byrd*, 521 U.S. 811, 820 (1997); *FOCUS v. Allegheny Cty. Court of Common*

*Pleas*, 75 F.3d 834, 838 (3d Cir. 1996). Furthermore, any determination on the merits when a court lacks subject-matter jurisdiction is "void." *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Among other authorities, Plaintiffs' Opposition and Sur-Reply Briefs cited *Gonzalez v. Crosby*, 545 U.S. 524 (2005) and *Steel Valley*. [Cited in D.E. 152-1 at PageID 2531-32].

*Gonzalez* explains that Rule 60(b) permits vacating "a judgment that is void for lack of subject-matter jurisdiction" because the "absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties." *Id.* at 534. *Steel Valley*, at 1010, explained that continued litigation in the absence of subject matter jurisdiction "would be futile."

The Third Circuit has previously addressed a similar situation. In *Ellison*, the Court of Appeals vacated a decision on the merits and directed the entry of a dismissal *without prejudice* based on the lack of standing.

The parties in *Ellison* disputed whether the District Court had jurisdiction to rule on defendant's motion to dismiss the plaintiff's second amended complaint for failure to state a claim upon which relief could be granted. The District Court never addressed its jurisdiction but proceeded to grant defendant's Rule 12(b)(6) motion. That, according to the Third Circuit, was error. *Ellison*, 11 F.4th at 204.

The Third Circuit explained that "'a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).'" *Ellison*, 11 F4th at 204-5 (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007)). Here, the Court never determined that it had jurisdiction and, therefore, should not have ruled on the merits.

After the Third Circuit concluded the plaintiff lacked Article III standing and that "federal courts lack jurisdiction to reach the merits in the absence of standing," "we will vacate the District Court's order and remand with instructions to dismiss the case without prejudice." *Ellison*, 11 F4th at 203. Similarly, having decided that Plaintiffs lacked standing in this action, the Court should have dismissed this action *without prejudice* due to lack of subject matter and denied Defendants' summary judgment motion as moot.

Having ruled on the merits, like the district court did in *Ellison*, was error. Therefore, Plaintiffs are entitled to relief from the Court's Order [D.E. 158] under FED. R. CIV. P. 60(b)(1) due to a mistake.

The Court may also reconsider an appealable order under FED. R. CIV. P. 59(e). *Bryant v. N.J. DOT*, 998 F. Supp. 438, 442 (D.N.J. 1998) (citing *Am. Trial Lawyers Ass'n v. N.J. Supreme Court*, 409 U.S. 467 (1973), *Welch v. Folsom*, 925

F.2d 666 (3d Cir. 1991), and *Belair v. Lombardi*, 151 F.R.D. 698 (M.D. Fla. 1993)).

Under L.Civ.R. 7.1(e), Plaintiffs may move for reconsideration. They are required to file this "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.* The Court's Opinion, by not addressing *Gonzalez*, *Steel Valley*, *Ellison*, and the arguments based on those decisions, suggests the Court may have overlooked them.

As explained in *Steel Valley*, at 1010, any ruling on the merits when the Court lacks subject-matter jurisdiction is "void." Hence, Plaintiffs are entitled to relief from the Court's Order under FED. R. CIV. P. 60(b)(4).

As final basis for relief, Rule 12(h)(3) states that the Court "must dismiss the action" when it determines that it lacks subject-matter jurisdiction. The Court determined that Plaintiffs lack standing. *Ellison*, 11 F4th at 203, states that "federal courts lack jurisdiction to reach the merits in the absence of standing." Hence, the Court must dismiss the action. *See also Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 119 (3d Cir. 2019) ("Because Kamal lacks standing, we must vacate the District Court's order dismissing the case with prejudice and remand for the District Court to dismiss without prejudice.").

For these reasons, Plaintiffs move under FED. R. CIV. P. 12(h)(3), FED. R.

CIV. P. 59(e), 60(b)(1) (mistake), 60(b)(4) (void), and L.Civ.R. 7.1(e) for

reconsideration of, relief from, and alteration of the Order [D.E. 158] and dismissal

of this action for lack of subject-matter jurisdiction.

**POINT II:** **PLAINTIFFS CONCESSION THAT THEY LACKED STANDING WAS NOT A GAME BUT A RECOGNITION THAT *RAMIREZ* ABROGATED THIS COURT'S PRIOR STANDING ANALYSIS.**

The Court's Opinion suggests the Court could proceed to adjudicate the

parties' rights because Plaintiffs recently changed their position on whether they

have standing and that change "could be considered 'gamesmanship.'" [D.E. 157

at 14.]

As a threshold matter, a party's change in position regarding subject-matter

jurisdiction cannot affect jurisdiction. *See, Ins. Corp. of Ir. v. Compagnie Des

Bauxites De Guinee*, 456 U.S. 694, 702 (1982) (neither a party's consent, waiver,

nor estoppel can change the outcome as to subject matter jurisdiction).

Furthermore, the record does not support any basis for characterizing

Plaintiffs' altered position as gamesmanship. Indeed, the reason justifying that

change is the same as the reason which explains why the Court concluded

Plaintiffs lack standing here but the plaintiffs had standing in *Lopez v. Law Offices

of Faloni & Assocs., LLC*, Civil Action No. 16-01117 (SDW) (SCM), 2017 U.S.

Dist. LEXIS 85027 (D.N.J. June 2, 2017).

This action and *Lopez* involved a claim that the debt collector made a false,

deceptive, or misleading representation while collecting a debt. The FDCPA, at 15

U.S.C. § 1692e, prohibits debt collectors from doing so.

Regarding standing, *Lopez* stated:

> What these cases recognize, along with "the
> 'overwhelming majority of courts' that have"
> addressed this issue, is that § 1692e of the FDCPA
> provides a "substantive, statutory right . . . to be free
> from false or deceptive information in connection
> with the collection of a debt." *Fuentes*, 2017 U.S.
> Dist. LEXIS 48923, 2017 WL 1197814 at *5.
> Violations of this right "give rise to concrete,
> substantive injuries sufficient to establish Article III
> standing." *Id.* Accordingly, Plaintiff's allegations
> that Defendants violated her substantive rights
> under the FDCPA by misrepresenting the legal
> status of the debt at issue are sufficient to satisfy the
> concreteness requirement.

*Lopez*, 2017 U.S. Dist. LEXIS 85027, at *6.

Defendants' Brief [D.E. 149-2 at PageID 2073] refuted decisions like *Lopez*.

Defendants contended an argument that a false, deceptive, or misleading

representation deprives the plaintiff of the right to accurate information "is

meritless considering that case law standing for such a proposition has been

abrogated in light of *Ramirez*."

Enlightened by *Ramirez*'s development of the law, the Court's Opinion

effectively abandoned its reasoning in *Lopez* and, citing to *Ramirez*, explained:

> Thus, even assuming Plaintiffs could establish a
> violation of the law, the Plaintiffs in this case, like
> those in *Ramirez*, simply have suffered no concrete

harm sufficient to confer standing—*an alleged statutory violation alone does not cut it*.

[D.E. 157 at 11 (emphasis added).] Thus, prior to *Ramirez*, this Court concluded that a violation of § 1692e was, by itself, a concrete harm but, after *Ramirez*, the violation alone is not sufficient.

Plaintiffs' Brief [D.E. 152-1] agreed. Despite the previous authorities like *Lopez*, "recent developments in the Supreme Court's analysis of standing […] compel dismissal […] for lack of subject matter jurisdiction." [*Id.* at Page ID 2529.] After reviewing some of the pre-*Ramirez* authorities, Plaintiffs stated, "All that changed when the Supreme Court decided *Ramirez*." [*Id.* at PageID 2531.]

This was not gamesmanship. It was owning up to how the law changed despite the fact that it was adverse to Plaintiffs' interests.

Indeed, counsel for Plaintiffs—who has represented plaintiffs in several pending cases in this District against one or both of the Defendants and, therefore, has many cases with Defendants' counsel as adversaries—has had numerous telephone conversations and emails with Defendants' counsel dating back to the third quarter of 2021 in which they discussed the effect of *Ramirez* on those pending cases.

Thus, when *Defendants* raised the lack of standing as the first argument in their Summary Judgment Brief, Plaintiffs agreed that their only basis for standing was Defendants invasion of Plaintiffs' rights protected under the FDCPA—a basis

which, although previously valid, had become insufficient. Until June 25, 2021, decisions like *Lopez* ensured that Plaintiffs had standing but *Ramirez* upended those decisions and left Plaintiffs without standing and this Court without subject-matter jurisdiction.

As *Steel Valley*, at 1010, observed, any further litigation would have been futile. Thus, Plaintiffs did not burden the Court with briefs addressing the merits. Indeed, asking the Court to address issues which were outside of its jurisdiction exposed Plaintiffs and their counsel to sanctions under FED. R. CIV. P. 11 and 28 U.S.C. § 1927.

But, instead, the Court suggested Plaintiffs might be playing games. To the contrary, *Ramirez* has caused Plaintiffs' counsel to take a sobering look at cases like this one. There is nothing gained by fully litigating a case which, when well into the litigation, must be dismissed for lack of subject-matter jurisdiction. Indeed, in the informal conversations with Defendants' counsel over the ability to file a new action in state court asserting the same claims, Defendants' counsel expressed doubt as to the ability to re-use discovery obtained in a court which lacked jurisdiction.

Plaintiffs' changed position on standing was not for posturing and not a game. Their change was due to the Supreme Court's June 25, 2021 *Ramirez* decision.

## CONCLUSION

For the foregoing reasons, Plaintiffs Georgina C. Sandoval and Todd M. North respectfully requests that the Court vacate its Opinion [D.E. 157] and Order [D.E. 158] and enter an order dismissing this action without prejudice due to lack of subject matter jurisdiction and denying Defendants' summary judgment motion without prejudice based on mootness.

Respectfully submitted,

KIM LAW FIRM LLC

By:        *s/Philip D. Stern*
                Philip D. Stern

Dated: June 24, 2022