<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGINA C. SANDOVAL and TODD M. NORTH, *on behalf of themselves and those similarly situated*,<br><br>    Plaintiffs,<br><br>v.<br><br>MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., and JOHN DOES 1 to 10,<br><br>    Defendants. | Civil Action No. 18-09396 (SDW) (AME)<br><br>**WHEREAS OPINION**<br><br><br>September 1, 2022 |

    **THIS MATTER** having come before this Court upon Plaintiffs Georgina C. Sandoval and Todd M. North's ("Plaintiffs") Motion for Reconsideration (D.E. 159) of this Court's June 10, 2022 Opinion (D.E. 157, "Opinion")[1] and Order[2] granting Defendants Midland Funding, LLC and Midland Credit Management, Inc.'s ("Defendants") Motion for Summary Judgment (D.E. 149) and denying Plaintiffs' Motion to Dismiss Plaintiffs' Complaint (D.E. 18); and

    **WHEREAS** a party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i).  A motion for reconsideration is "an extremely limited procedural vehicle" which is to be

---

[1] This Court summarized the factual allegations and the procedural history of this case in its Opinion and does not repeat them here.

[2] The Court's June 10, 2022 Opinion denied Defendants' Request for Sanctions.  (D.E. 157.)  The Court's denial of Defendants' Request for Sanctions is not at issue on Plaintiffs' Motion for Reconsideration.

granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (citations omitted); *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (citations omitted).  Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process."  *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

**WHEREAS** in its Opinion, this Court found that Plaintiffs lacked constitutional standing under Article III because Plaintiffs suffered no concrete harm in the wake of the decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).  In light of *Ramirez*, Plaintiffs conceded that their only alleged injury, "invasion of Plaintiffs' substantive rights protected by the FDCPA", is no longer sufficient to confer Article III standing because there is "no allegation or facts showing a physical, monetary, or intangible harm as expressed in *Ramirez*." (D.E. 152-1 at 4.)  Having asserted only an alleged statutory violation that resulted in no "downstream consequences" or "adverse effects" caused by said statutory violation, Plaintiffs failed to meet their burden of establishing the elements of standing.  *TransUnion LLC v. Ramirez*, 141 S. Ct. at 2214 (holding "[n]o concrete harm, no standing").  As such, this Court concluded that Defendants' Motion for summary judgment was warranted, and the Court did not need to address the issue of subject-matter jurisdiction. (D.E. 157.)  However, upon further consideration, this Court finds that

it lacked subject-matter jurisdiction to address the merits of the Complaint because Plaintiffs lacked standing under Article III; and

**WHEREAS** standing to sue is a doctrine that ensures that federal courts do not exceed the constitutional limits on their jurisdiction, which extends only to "Cases" and "Controversies." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (citing U.S. Const. Art. III § 2). "Thus, federal courts can entertain actions only if they present live disputes, ones in which both sides have a personal stake." *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 305 (3d Cir. 2020). A plaintiff must demonstrate (1) "that he [or she] suffered an injury in fact that is concrete, particularized, and actual or imminent;" (2) "that the injury was likely caused by the defendant;" and (3) "that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. at 2203 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). If the plaintiff "does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *TransUnion LLC v. Ramirez*, 141 S. Ct. at 2203. *Id* Here, Plaintiffs suffered no concrete harm sufficient to confer Article III standing. Thus, the Court lacked subject-matter jurisdiction to address the merits of Plaintiffs' Complaint. To ensure correct application of the law and "prevent manifest injustice[,]" Plaintiffs' Complaint is dismissed without prejudice for lack of subject-matter jurisdiction and the Court's June 10, 2022 Opinion is vacated. *See Max's Seafood Café v. Quinteros*, 176 F.3d at 677.

Accordingly, for the reasons set forth above, Plaintiffs' Complaint is **DISMISSED** without prejudice and the Court's June 10, 2022 Opinion is **VACATED**. An appropriate order follows.

_____/s/ Susan D. Wigenton_____

**SUSAN D. WIGENTON, U.S.D.J.**

3

Orig:  Clerk
cc:    Parties
       Andre M. Espinosa, U.S.M.J.